STATE OF CONNECTICUT *v.* MICHAEL J. McLEESE

REVIEW DIVISION OF THE SUPERIOR COURT

Decided January 4, 1965

*Michael J. McLeese,* the defendant, pro se.

*George R. Tiernan,* assistant state's attorney, for the state.

BY THE DIVISION. Superintendent Robert T. Grey of the Cheshire reformatory, present at the hearing

on the above application, was appointed and did act as guardian ad litem for this defendant. McLeese refused the opportunity offered him by this division to request the Superior Court to furnish him counsel and chose, instead, to proceed forthwith without such representation, and pro se.

The defendant, born on March 10, 1946, pleaded guilty, on March 9, 1964, to two separate counts of using a motor vehicle without the permission of the owner, in violation of General Statutes § 14-229. This enactment provides for a penalty of not more than ten years. On May 17, 1963, in the same court and for a violation of the identical statute, McLeese was sentenced to the Cheshire reformatory. Execution of that sentence was suspended, and the defendant was placed on indefinite probation. On March 13, 1964, the sentence imposed included a revocation of the probation then in effect and an order of execution of the sentence which had been suspended, and, in addition, for his then current crimes and on his plea of guilty as a second offender, the defendant was given a second identical but concurrent term to that given on May 17, 1963. The effective commitment to the reformatory was not more than five years, with a basic minimum of fifteen months on perfect behavior.

In the Circuit Court for the fifth circuit, on March 4, 1963, McLeese was sentenced to thirty days in jail and fined $75, having been found guilty of speeding and reckless driving.

Since his infancy, this defendant has been committed to the commissioner of welfare. He was a product of a broken home, his father and mother lacking both the ability and desire to undertake or continue their obligations as parents. McLeese was kept in foster homes, relatives' homes and three separate institutions. Presentence information disclosed his

repeated inability to adjust, that he was a headstrong youth and wanted his own way and would "go to any lengths to get it." On March 13, 1964, after a study of all pertinent facts, the sentencing court properly announced concerning McLeese, "He must have some real supervision. I wish there were some other place to send him but there isn't." With this conclusion, the division is in accord. It must be said, however, that the supervisory attention, the customary and knowledgeable observation practiced and the consideration given at the Cheshire reformatory could be beneficial to McLeese. The availability to the board of parole of that institution of its generally known right to determine a time of attainment and to weigh parole as to each inmate does much to implement the power and influence of the necessary supervisory care generally given at the institution.

A review of all precommitment and post-commitment reports, records and the history of this defendant, the nature of the repeated crimes for which he is now committed, and the need for supervision and training, which is obvious, afford us an ample basis to conclude that the sentence of the court was proper and reasonable and must stand as it was imposed. The sentence is affirmed.

BOGDANSKI, MEYERS and PALMER, Js., participated in this decision.